

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jhery Jones
vs.
Thomas Dart, in his official and individual capacity; Cook County, a unit of municipal government; Cook County Sheriff's Department, a political Subdivision; Cermak Healthcare Services; Susan Shebel, RN; in her official and individual capacity; Division 9 John Doe Superintendent, in his official and individual capacity; John Doe sergeant, in his official and individual capacity; John Doe officer of Tier 2A, in his official and individual capacity; and John Doe officers, 2, 3, 4, 5, 6, and 7, in their official and individual capacities

Case No:
(To be supplied by the Clerk of this Court)

RECEIVED
JUL 18 2023 SH
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

23-cv-4625
Judge Shah
Magistrate Judge Jantz
PC 1/RANDOM

✓ COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. code

**I. Plaintiff(s):**

A. Name: Shery Jones

B. List all aliases: N/A

C. Prisoner identification number: 0591475

D. Place of present confinement: Cook County Jail

E. Address: 6001 S. Vernon Apt. 809, Chicago, IL 60637

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II. Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Thomas Dart

Title: Cook County Sheriff

Place of Employment: Cook County Sheriffs Department

B. Defendant: Cook County

Title: A unit of municipal government

Place of Employment: Illinois

C. Defendant: Cook County Sheriffs Department

Title: A political subdivision

Place of Employment: Cook County

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

D. Defendent: Susan Shebel
Title: Registered Nurse
Place of Employment: Cook County Jail medical

E. Defendent: John Doe
Title: Division 9 Superintendent
Place of Employment: Cook County Sheriff's Department

F. Defendent: John Doe
Title: Sergeant
Place of Employment: Cook County Sheriff's Department

G. Defendent: John Doe
Title: Cook County Correctional Officer
Place of Employment: Cook County Sheriff's Department

H. Defendent: John Doe 2
Title: Cook County Correctional Officer
Place of Employment: Cook County Sheriff's Department

I. Defendent: John Doe3
Title: Cook County Correctional Officer
Place of Employment: Cook County Sheriff's Department

J. Defendent: John Doe 4
Title: Cook County Correctional Officer
Place of Employment: Cook County Sheriff's Department

K. Defendant: John Doe 5
   Title: Cook County Correctional Officer
   Place of Employment: Cook County Sheriff's Department

L. Defendant: John Doe 6
   Title: Cook County Correctional Officer
   Place of Employment: Cook County Sheriff's Department

M. Defendant: John Doe 7
   Title: Cook County Correctional Officer
   Place of Employment: Cook County Sheriff's Department

N. Defendant: Cermak Health Services of Cook County
   Title: Healthcare Provider
   Place of Employment: Cook County

**III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Jones v. City of Chicago 23 CV 03965

B. Approximate date of filing lawsuit: June 2023

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Just myself.

D. List all defendants: City of Chicago; David Brown; Daniel Holubik; Timothy Blake; and Yvette Wooten.

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. Northern District of Illinois

F. Name of judge to whom case was assigned: ____________

G. Basic claim made: Illegal search and seizure.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Pending.

I. Approximate date of disposition: N/A

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

**IV. Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On March 3rd, 2023, Clarence Campbell, ID# 20220930042, and I were leaving our housing unit 2A in Division 9 of the Cook County Jail, around 6am, on our way to court. John Doe 2A officer handcuffed me behind my back in the vestibule shared by tier 2A and tier 2B, while Clarence Campbell finished his breakfast. I also had a clear plastic bag containing my legal papers that was place on the microwave while I was being handcuffed to the back. John Doe 2A officer was rushing Clarence Campbell to finish his breakfast and was growing inpatient. Note that Mr. Campbell and I were the only detainees going to court. John Doe 2A officer got on his radio and stated someone was refusing to be handcuffed. Seconds later, two officers (John Doe 2 and John Doe 3) came from tiers 2C and 2D in response to John Doe's radio call and got in the face of Mr. Campbell. Less then two minutes

after the arrival of John Doe 2 and John Doe 3, ten additional officers including a John Doe sergeant entered the vestibule shared by tier 2A and tier 2B. John Doe sergeant grabbed my left arm and said come with him. I told John Doe sergeant that was not reason why he and his subordinate officers were up here. After I said that, I tried to reach behind me for my bag containing my legal papers but multiple officers swarmed me and began punching me in my head and bending my wrist to the point ~~were~~ where the handcuffs cut into my wrist. Two officers (John Doe 4 and John Doe 5) painfully pulled me toward the elevator while still bending my wrist. I asked John Doe sergeant to tell his officers to stop hurting me while his bodycamera was on. I screamed out loud on the body camera "I just had surgery on my hand!" (non-verbatim). I did not have surgery on my hand but it did just recently healed from a fracture. I tried to explain the medical condition of my right hand but I was bewildered and in shock from the excessive pain and torment inflicted upon me by the correctional

officers to properly articulate my medical condition. John Doe sergeant never stopped his officers from abusing me. Another officer (John Doe 6) was carrying my bag of legal papers while I was being placed on the elevator and escorted to the medical dispensary by three officers (John Doe 4, 5, and 7) and the John Doe sergeant. John Doe officers 4 and 5 kept applying excessive pressure to my bent wrist until I was seen by a nurse who treated my wounds. I was never given any disciplinary ticket which shows I never violated any rule of the Cook County Jail and shows I never provoked any officer. After this event happened, I was seen by Cook County mental health personnel to evaluate my mental state due to the mental trauma inflicted upon me by the multiple correctional officers. I was diagnose with P.T.S.D. before these officers assulted me. This event triggered my P.T.S.D. Clarence Campbell never received any disciplinary tickets either.

1. I was cruelly and unusually punished by multiple Cook County Correctional officers do to the assult and battery of my person by these officers while I was handcuffed behind my back. I never posed any threat to any officer. John Doe sergeant condoned and facilitated my cruel and unusual punishment inflicted by his subordinate officers in which their extreme and outrageous conduct was deliberately indifferent to my state and federal constitutional rights to be equally protected from cruel and unusual punishment. A clear violation of my 8th and 14th U.S. Amendments, in conjunction of my Illinois State Constitutional rights under Article 1 Section 2. John Doe sergeant and his subordinates failed to intervene in my unjustified unusual

punishment. John Doe tier 2A officer never spoke up on my behalf either. This event was never reported or documented by neither officer or sergeant which show they tried to cover up their unconstitutional practice. My grievances and notarized letter to the Office of Professional Review are the only documents concerning this event. Hallway footage will clearly show me being assulted by multiple officers for no reason and quicky taken to the medical dispensary. Medical dispensary footage will show me being treated by a nurse concerning my cuts and swollen wrist. Video footage will show what the correctional officers and Sergeant failed to report. John Doe sergeant bodycamera will provide a close up and audio of this event.

2. I wrote the office of Professional Review about this matter but they failed to respond and did not take steps to remedy the situation. Sergeant John Doe and his subordinate John Doe officers engaged in a practice/custom to bring physical and emotional pain and suffering to defenseless pretrial detainees for no reason and never document such events. Sergeant John Doe and his subordinate John Doe officers in their individual capcity consciously conspired to deprive me of my state and federal constitutional rights to be equally protected from cruel and unusual punishment. No officer or sergeant John Doe tried to intervene or stop the infliction of my cruel and unusual punishment. Each John Doe officer and sergeant John Doe in their individual capacity conspired to keep my cruel and unusual punishment a secret by not reporting and not documenting the fact that a pretrial detainee whose hands were handcuffed behind his back underwent the

application of unjustified excessive force which simultaneously inflicted cruel and unusual punishment upon him. For sergeant John Doe and his subordinate officers to report this event means they will have to explain what legal authority authorized them to use excessive force on a defenseless pretrial detainee who could not possibly pose and did not pose any threat to these officers. Since there never was any legal justification to excessively harm me mentally and physically, each John Doe officer and Sergeant John Doe in their individual capacity conspired to stay quite about my cruel and unusual punishment. Therefore, sergeant John Doe failed to properly supervise and discipline his subordinate officers for my cruel and unusual punishment in which sergeant John Doe himself personally condoned and facilitated. Sergeant John Doe and his subordinate John Doe officer engaged in a custom/practice to bring physical and emotional pain and suffering to defenseless pretrial detainees for no reason and never documenting such events. This custom/practice is highly unconstitutional.

3. According to the response of my Grievance under control number 2023X03505, my cruel and unusual punishment issue was forward to the Offices of Professional Review and Division 9 John Doe Superintendent for their review and/or investigation. The Offices of Professional Review and Division 9 John Doe Superintendent in his individual capacity failed to respond to my grievance and did not take steps to remedy this situation in furtherance of the unconstitutional custom/practice to bring excessive physical and emotional pain and suffering to defenseless pretrial detainees for no reason and never documenting such events.

The Offices of Professional Review and Division 9 John Doe Superintendent in his individual capacity failed to investigate my issue and failed to supervise sergeant John Doe and the John Doe officers by not disciplining them for their unlawful practice of excessive force; and turning a blind eye to the fact that I was mentally and physically assulted by sergeant John Doe and John Doe officers for no reason while both of my hands were handcuffed behind my back; and turned a blind eye to the fact that my cruel and unusual punishment was never reported, documented, or justified by sergeant John Doe or by any John Doe officer. For the Offices of Professional Review and Division 9 John Doe Superintendent in his individual capacity not to investigate this issue and not take steps to remedy this situation shows their support of this unconstitutional custom/practice to bring excessive physical and emotional pain and suffering to defenseless pretrial detainees for no reason and never documenting such events. Therefore, the Offices of Professional Review and Division 9 John Doe Superintendent in his individual capacity consciously condoned the extreme and outrageous unconstitutional conduct of sergeant John Doe in his individual capacity and the John Doe officers in their individual capacity that was deliberately indifferent to my state and federal rights to be equally protected from cruel and unusual punishment.

4. The Cook County Sheriff Department (CCSD), Thomas Dart in his individual capacity, and Susan Shebel in her

individual capacity failed to provide proper medical care and medical follow-ups for my cut and swollen wrist due to my extremely outrageous excessive cruel and unusual punishment facilitated and inflicted by sergeant John Doe and his John Doe officers. After being immediately taken to the medical dispensary by sergeant John Doe and three of his John Doe officers on the morning of March 3rd, 2023, I was seen once after my assult by medical when nurse Muhammad gave me Tylenol and was never seen again by medical. I grieved this issue March 6th, 2023, and did not receive a response until March 22nd, 2023, by RN Susan Shebel, 16 days after I wrote the medical grievance. RN Susan Shebel said I was rescheduled to see someone but I was never seen by no one. I wrote another grievance on April 23rd, 2023, because I still was not seen by medical. CCSD and Thomas Dart in his individual capacity failed to set forth proper medical procedures to provide immediate and adequate healthcare and follow-ups for pretrial detainees who were victims of extremely outrageous cruel and unusual excessive unjustified punishment by Cook County Correctional officers; and failed to supervise medical staff by not training medical personnel to be immediately responsive to pretrial detainees who are victims of extremely outrageous cruel and unusual excessive punishment by Cook County Correctional officers thats unjustified. Thomas Dart in his individual capacity and CCSD failed to supervise and train medical staff to do immediate follow-ups for victimized pretrial detainees who underwent such

extremes thats unconstitutional on its face. The failure of RN Susan Shebel to provide sufficient medical assistance for pretrial detainees who were unconstitutionally assulted by Cook County Correctional officers in her individual capacity acted deliberatey indifferent to my medical needs. And the deliberate acts of CCSD and Thomas Dart in his individual capacity as a decision-maker with final policy-making authority, condoned in the practice/custom to deprive pretrial detainees proper medical care who were unjustly assulted by Cook County Correctional officers.

5. CCSD and Thomas Dart in his individual capacity as a decision-maker with final policy-making authority condoned and facilitated my cruel and unusual punishment by failing to supervise his Division 9 John Doe Superintendent, the Offices of Professional Review, and his Cook County Correctional officers by not setting forth procedures to train Cook County Correctional officers on when to properly and lawful use excessive force and not inflict cruel and unusual punishment against defenseless pretrial detainees and to report, document, and justify their use of excessive force. CCSD and Thomas Dart in his individual capacity failed to set forth disciplinary procedures for Cook County Correctional officers who unjustly use excessive force against defenseless pretrial detainees and fail to report, document, and justify their excessive force. Since no such training and disciplinary procedures were not set forth by CCSD and Thomas Dart in his individual capacity, sergeant John Doe and his subordinate John Doe officers knew they

could unlawfully inflict cruel and unusual punishment on me without fear of being disciplined for their unconstitutional practice/custom. Therefore, the Offices of Professional Review and Division 9 John Doe Superintendent felt there was no need to investigate and discipline sergeant John Doe and his subordinate John Doe officers because they knew CCSD and Thomas Dart in his individual capacity failed to set forth such training and disciplinary procedures. Hence, the Office of Professional Review and Division 9 John Doe Superintendent felt there was no need to take disciplinary actions or investigate my cruel and unusual punishment in furtherance of the unconstitutional practice/custom to excessively bring physical and emotional pain and suffering to defenseless pretrial detainees for no reason and never documenting such events. This unconstitutional practice/custom has been ongoing for a while.

6. Cook County and CCSD are responsible and liable for the misconduct of sergeant John Doe, the John Doe officers, RN Susan Shebel, the Offices of Profession Review, Division 9 Sup. John Doe, and Thomas Dart all in their official capacities for their deliberate indifference of my state and federal constitutional rights to be protected from cruel and unusual punishment equally. I plead Monell, Respondeat and Indemnification claims against Cook County and CCSD. CCSD and Cook County engaged in a policy, custom, practice of bringing physical and emotional pain and suffering to defenseless pretrial detainees for no reason and never

documenting such events; failure to discipline it's employees for excessively harming defenseless pretrial detainees absent any lawful justification; failure to discipline it's employees for failing to report, document, and justify their excessive force; failing to supervise their officers by not training them on when to properly and lawfully use excessive force and not inflict cruel and unusual punishment against defenseless pretrial detainees, and to report, document, and justify their use of excessive force; failure to provide immediate and adequate health care and follow-ups for pretrial detainees who were victims of unusual cruel and excessive punishment that was unjustified by Cook County Correctional officers; and failing to it's medical staff to immediately respond and follow-up with pretrial detainees who are victims of unlawfully cruel and unusual punishment by Cook County Correctional officers.

7. Relief:

Do to the extremely outrageous misconduct of the John Doe correctional officers, in their individual capacity, that was condoned and personally facilitated by sergeant John Doe, which was deliberately indifferent to my state and federal constitutional rights to be equally protected from cruel and unusual punishment; plus the fact that no officer tryed to stop or intervene the deprivation of my civil rights as officers collectively conspired to stay quiet about my unlawfully cruel and unusually excessive punishment by not reporting and

and not documenting and justifying their use of excessive force against me. To this date, no John Doe officer or John Doe sergeant has been disciplined for their conspiracy. I am asking this court to reward me $60 million from each John Doe officer and John Doe sergeant for my constitutional, physical, and psychiatric injuries.

Division 9 John Doe Superintendent, in his individual capacity, condoned and helped facilitate my cruel and unusual punishment by not investigating my cruel and unusual punishment grievance that was forward to him; failing to supervise his officers by turning a blind eye to the fact that I was assulted by multiple correctional officers for no reason, while I was handcuffed behind my back; and failing to discipline his officers for their unconstitutional practice/custom. For the supervisory misconduct of Division 9 John Superintendent, and his support of the unlawful CCSD practice/custom to bring physical and mental pain and suffering to defenseless pretrial detainees and never documenting such events, I am asking this court to reward me $40 million from Division 9 John Doe Superintendent personal involvement of my constitutional, physical, and psychiatric injuries.

Thomas Dart, in his individual capacity as a decision-maker with final policy-making authority failed to set forth training and disciplinary procedures to lawfully use and report the used of excessive for applyed to pretrial detainees; and reprimand officers who fail to do both. Therefore, Thomas Dart, in his individual capacity helped facilitate my cruel and unusual punishment by consciously failing to set forth such procedures to prevent the deprivation of a pretrial detainee's state

and federal constitutional rights. I am asking this court to reward me $40 million from Thomas Dart for his personal involvement in facilitating my constitutional, physial, and psychiatric injuries.

Susan Shebel, in her individual capacity acted deliberate indifferent to my medical needs by failing to promptly respond to my medical needs; never prescribing me pain medication to subdue the severe and cronic pain in my wrist that I still feel today; failing to evaluate my fractured hand to ensure that it did not sustain any damage from the excessive force applied to it; and never scheduling medical follow-ups to ensure my physical injuries were healing properly from the unlawful excessive force of the Cook County Correctional officers. I am asking this court to reward me $10 million from Susan Shebel for her consciously deliberate indifference to my medical needs.

Cook County and Cermak Health Services of Cook County, failed to supervise it's medical personnel by consciously failing to set forth medical training and disciplinary procedures to provide immediate and adequate healthcare and follow-ups for pretrial detainees who were victims of extremely outrageous cruel and unusual excessive punishment by Cook County Correctional officers; and reprimanding it's medical staff for failing to do so. For the conscious deliberate indifference to my medical needs by Cook County and Cermak Health Services, I am asking this court to reward me $80 million from Cook County and Cermak Healthcare Services of Cook County each. Cook County and Cermak Health Services of Cook County, are liable for the misconduct of Shebel, in her official capacity.

Cook County and CCSD, failed to supervise Thomas Dart, Division 9 John Doe Superintendent, and the Offices of Professional Review by not disciplining them for turning a blind eye to the fact that I was mentally and physically assulted by sergeant John Doe and John Doe officers for no reason while both my hands were handcuffed behind my back; and not disciplining them for consciously failing to investigate my cruel and unusual punishment grievance; and never diskiplining them for never responding to my grievance. Cook County and CCSD, failed to supervise it's Cook County Correctional officers by consciously failing to set forth training and disciplinary procedures on when to properly and lawfully use excessive force and not inflict cruel and unusual punishment against defenseless pretrial detainees and to report, document, and justify their used of excessive force; and discipline it's officers for not doingso. Cook County and CCSD are responsible and liable for the misconduct of sergeant John Doe, the John Doe officers, Division 9 John Doe Superintendent, and Thomas Dart, all in their official capacities. I ask this court to reward me $100 million from Cook County and CCSD each for engaging and facilitating my constitutional, physical, and psychiatric injuries.

I also ask this court subpoena my medical and mental health files from Cermak Health Services of Cook County; the Division 9 2nd floor, basement, and medical dispensary video footage at the time of my assult and medical treatment on March 3rd, 2023, between 6am-7am; and for Cook County and CCSD to identify every John Doe person in this complaint.

VI. The plaintiff demands that the case be tried by a jury.
☑ YES ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subjected to sanctions by the Court.

Signed this 12th day of July, 2023

Shery Jones
(Signature of plaintiff)

Shery Jones
(Print name)

0591475
(I.D. Number)

6001 S. Vernon Apt. 809
Chicago, IL 60637
(Address)

PRISONER CORRESPONDENCE FORM

Please fill out and return this form along with any other pleading you wish to submit to the court. It is your responsibility to keep the court advised of your current address in order for you to receive orders from the court. Failure to do so may result in dismissal of your case for want of prosecution. Once the Prisoner Correspondent records this information, this form will be destroyed.

**PLEASE PRINT**

1. Name: Jhery (First) Marqui (Middle) Jones (Last)

   List Alias Names, if any: ______

2. Any Current/Prior Prison ID Number(s): M45021

   Name of Prison(s): Shawnee C.C.; Galesburg C.C.

3. Jail ID Number(s): 20220714105; 0591475

   Name of Jail(s): Cook County Jail

4. Date of Birth: October 10th, 1990

5. Home Address (Do not use P.O. Box) (Not Institution address):

   Street Name and Number: 6001 S. Vernon Apt # 809

   City, State and Zip Code: Chicago, IL 60637

## PROFILE INFORMATION FORM

Please fill out and return this form along with any other pleading you wish to submit to the court. It is your responsibility to keep the court advised of your current address in order for you to receive orders from the court. Failure to do so may result in dismissal of your case for want of prosecution. Once the Prisoner Correspondent records this information, this form will be destroyed.

**PLEASE PRINT**

1. Name: Jhery (First) Marqui (Middle) Jones (Last)

   List Alias Names, if any: ______________________

2. Any Current/Prior Prison ID Number(s): M45021

   Name of Prison(s): Shawnee C.C.; Galesburg C.C.

3. Jail ID Number(s): 20220714105; 0591475

   Name of Jail(s): Cook County Jail

4. Date of Birth: October 10th, 1990

5. Home Address (Do not use P.O. Box) (Not Institution address):

   Street Name and Number: 6001 S. Vernon Apt #809

   City, State and Zip Code: Chicago, IL 60637

Reviewed 1/16/14



# COOK COUNTY SHERIFF'S OFFICE

*(Oficina del Alguacil del Condado de Cook)*

**INDIVIDUAL IN CUSTODY GRIEVANCE FORM**

*(Formulario de Queja del Individuo bajo Custodi)*

| CONTROL # | Individual In Custody SHORT # |
|---|---|
| | |

**! THIS SECTION IS TO BE COMPLETED BY IIC SERVICES STAFF** *(! Para ser llenado solo por el personal de IIC Services !)*

- ☐ Emergency Grievance
- ☐ Grievance
- ☐ Non-Compliant Grievance
- ☐ Cermak Health Services
- ☐ Superintendent: ______________________
- ☐ Other: ______________________

| PRINT - INDIVIDUAL IN CUSTODY LAST NAME *(Imprimir - Apellido del individuo)*: | PRINT - FIRST NAME *(Imprimir – Primer nombre del individuo)*: | BOOKING NUMBER *(# de identificación)* |
|---|---|---|
| Jones | [illegible] | [illegible] |
| **DIVISION** *(División)*: 9 | **LIVING UNIT** *(Unidad)*: [illegible] | **DATE** *(Fecha)*: [illegible] |

## GRIEVANCE GUIDELINES AND SUMMARY OF COMPLAINT

**Your grieved issue must meet all criteria listed below in order to be assigned a control #, to be appealed and/or to exhaust remedies.**

The grieved issue is not one of the following non-grievable matters: Classification, including designation of an individual as a security risk or protective custody individual, or decisions of the disciplinary hearings officer.
The grieved issue must have occurred within the last 15 calendar days unless the allegation is of sexual assault, sexual harassment, sexual abuse or voyeurism. If the grievance includes an allegation of sexual assault, sexual harassment, sexual abuse or voyeurism no time limits exist. If you believe an exception applies please see a CRW (Correctional Rehabilitation Worker).
The grieved issue must not be a repeat submission of a grievance collected within the last 15 calendar days.
The grieved issue must not be a repeat submission of a grievance that previously received a response and was appealed.
The grieved issue must not be a repeat submission of a grievance that previously received a response and you chose not to appeal the response within 15 calendar days
The grieved issue must not contain offensive or harassing language.
The grievance form must not contain more than one issue.
The grievance issue must not pertain to non-jail related concerns such as with arresting agencies, judicial matters, or medical staff at outlying hospitals, etc.

## Directrices de quejas y resumen de quejas

**El asunto de la queja tiene que satisfacer todo el criterio listado más abajo para obtener un número de control, para ser apelado y/o agotar todos los remedios posibles.**

El asunto de la queja no puede ser ninguno de los siguientes temas, que no se consideran quejas formales: Clasificación del preso incluyendo designación del preso. Tal como riesgo de seguridad o custodia de protección para los presos, o decisiones del oficial de audiencias disciplinarias para los individuo.
El asunto de la queja debe haber ocurrido dentro de los 15 días calendarios a menos que la acusación sea de asalto sexual, acoso sexual, abuso sexual o voyerismo. Si la queja incluye acusaciones de asalto sexual, acoso sexual, abuso sexual o voyerismo no existe tiempo de límite. Si usted cree que existe una excepción, consulte con un Trabajador de Rehabilitación Correccional (TRC/CRW).
El asunto de la queja no puede ser una repetición de una queja sometida en los últimos 15 días calendarios.
El asunto de la queja no puede ser una repetición de una queja previamente recibida y la cual ya ha recibido una respuesta y fue apelada.
El asunto de la queja no puede ser una repetición de una queja previamente reciba y la cual ya ha recibo una respuesta y usted recibida no someter una apelación sobre la decisión dada en los 15 días calendarios.
El asunto de la queja no puede contener lenguaje ofensivo o amenazante
La solitud de la queja no puede contener más de un asunto.
El asunto de la queja corresponde asuntos no relacionadas con la cárcel, como las agencias de arresto, los asuntos judiciales o el personal médico en los hospitales periféricos, etc.

| REQUIRED - DATE OF INCIDENT *(Fecha del Incidente)* | REQUIRED - TIME OF INCIDENT *(Hora del incidente)* | REQUIRED - SPECIFIC LOCATION OF INCIDENT *(Lugar Específico del Incidente)* | REQUIRED - NAME and/or IDENTIFIER(S) OF ACCUSED *(Nombre y/o Identificación del Acusado)* |
|---|---|---|---|
| 3-3-[illegible] | 9am - [illegible] | [illegible] | [illegible] |

As I [illegible] an detainee [illegible] [illegible] Sgt. Chavez grabbed me as if I was the culprit. Several officers began [illegible] in a headlock while I was handcuffed to the back. Officer [illegible] wrist as the cuffs [illegible] into my skin. On the elevator I was punched in back of my head several times before being treated by a nurse. My wrists are still swollen and scarred. I'm asking that Chavez and his subordinates be reprimanded for their excessive force. I never posed a threat.

**NAME OF STAFF OR INDIVIDUAL IN CUSTODY HAVING INFORMATION REGARDING THIS COMPLAINT:** *(Nombre del personal o individuo que tengan información:)* Sgt. Chavez, bodycamera and hallway footage

**SIGNATURE of Individual in Custody:** *(Individuo bajo costodia):* [signature]

SUPERINTENDENT/DIRECTOR/DESIGNEE OF A DIVISION/UNIT MUST REVIEW ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE IIC GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

| CRW NAME (Print): | SIGNATURE: | DATE CRW RECIEVED: |
|---|---|---|
| [illegible] | [signature] | 3/7/23 |
| **CRW NOTATION OF SENT EMAIL (Print):** | | **DATE EMAIL NOTIFICATION SENT:** |
| | | |



**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina Del Alguacil del Condado de Cook)*

**INDIVIDUAL IN CUSTODY GRIEVANCE RESPONSE/APPEAL FORM**
*(Individuo bajo custodia - formulario de respuesta/apelación de queja)*

33

| CONTROL NUMBER | Individual In Custody SHORT #: |
|---|---|
| 2023x03505 | 0591475 |
| PRINT: CRW LAST NAME: VAN ELLIS | |

**INFORMATION TO BE COMPLETED BY IIC SERVICES PERSONNEL ONLY**

| Individual In Custody LAST NAME: | Individual In Custody FIRST NAME: | BOOKING ID #: |
|---|---|---|
| Jones | Shery | 20220714105 |

GRIEVANCE ISSUE AS DETERMINED BY CRW: 260-Misconduct (physical) by SWORN Staff

IMMEDIATE CRW RESPONSE (If applicable): CRW notified command staff

CRW/ REFERRED THIS GRIEVANCE TO (*Example:* Superintendent, Cermak Health Services): OPR-I.S — DATE REFERRED: 3/9/23

**RESPONSE BY PERSONNEL HANDLING REFERRAL**

SEE ATTACHED

| PERSONNEL RESPONDING TO GRIEVANCE (! Print !): | SIGNATURE: | DIV./DEPT. | DATE: |
|---|---|---|---|
| Supv L Fenderson | [signature] | IS ADMIN | 3/6/23 |

THIS SECTION IS TO BE COMPLETED BY INDIVIDUAL IN CUSTODY! (Esta sección debe ser completada por el individuo.)

| INDIVIDUAL IN CUSTODY SIGNATURE (Firma del individuo bajo custodia.: | DATE RESPONSE WAS RECEIVED: (Fecha en que la respuesta fue recibida) |
|---|---|
| Sherry Jones | 3/8/23 |

**INDIVIDUAL IN CUSTODY 'S REQUEST FOR AN APPEAL** *(Solicitud de apelación del individuo)*

TO BE COMPLETED BY INDIVIDUAL IN CUSTODY

- **To exhaust administrative remedies, a grievance appeal must be made on this form and within 15 calendar days of the date the individual received the above notated response. An appeal must be filed in ALL circumstances in order to exhaust administrative remedies, regardless if the grieved issue(s) have been referred for further review and/or investigation. Any pending O.P.R. review or investigation, is NOT part of the grievance appeal process.**
  *Para agotar los recursos administrativos, las apelaciones de quejas se deben realizar en este formulario y dentro de los 15 días calendarios a partir de la fecha en que el individuo recibió la respuesta anotada anteriormente. Se debe presentar una apelación en TODAS las circunstancias a fin de agotar los recursos administrativos, independientemente si los asuntos de la queja han sido referidos para una revisión y/o investigación. Cualquier revisión o investigación pendiente de OPR NO es parte del proceso de apelación de quejas.)*

**INDIVIDUAL IN CUSTODY BASIS FOR AN APPEAL:** *(Base de apelación del individuo.)*
**DATE OF APPEAL REQUEST:** *(Fecha de la solicitud de la apelación.)* 3/8/23

Officers should be reprimanded for excessive force.

**DIRECTOR'S/DESIGNEE'S ACCEPTANCE OF BASIS/REQUEST OF APPEAL?** Yes / No (circled: No)
*(Aceptación del Director/Designado de la solicitud de apelación del individuo.)*

**IIC SERVICES DIRECTOR/DESIGNEE'S DECISION OR RECOMMENDATION:** *(Decisión o recomendación por parte del Director de Servicios de IIC / Designado.)*

Original Response to Stand

| IIC SERVICES DIRECTOR/DESIGNEE (Director de Servicios de IIC / Designado): | SIGNATURE (Firma): | DATE (Fecha): |
|---|---|---|
| J Mulloy | [signature] | 3/16/23 |

***Appeal response and/or decision returned to IIC via inter-departmental mail, U.S. Mail or CRW delivery.***
*(Su respuesta de apelación y/o decisión será entregado al IIC por Correo interno del departamento, Correo de EE. UU. o del Trabajador Social (CRW).)*

**DATE APPEAL RESPONSE/DECISION WAS FORWARDED:** *(Fecha en que se envió la respuesta/decisión de apelación.)* MAR 17 2023

# IIC Grievance Number:
# 2023x03505
## *Numero De Queja*

Although this R/Supv. cannot substantiate or deny your allegation(s), please be advised that your grievance has been forwarded to the Offices of Professional Review and Divisional Superintendent for their review and/or investigation.

*Aunque este R/Supervisor no puede corroborar o negar su(s) alegación(es), por favor tenga en cuenta que su queja se ha enviado a las Oficinas de Revisión Profesional (OPR) y al Superintendente de División para su revisión y / o investigación.*

You may follow-up with the Office of Professional Review by contacting their office directly, by utilizing the address below.

*Usted podrá darle seguimiento a su alegación(es), contactando al Departamento de Revisión Professional (OPR) de manera directa, utilizando la dirección que está en la parte de abajo.*

To exhaust your administrative remedy (regardless of the OPR investigation review, determination, or outcome) you must appeal this immediate grievance response within 15 calendar days.

*Con el fin de agotar los recursos administrativos (independiente de la revisión de la investigación, decisión o el resultado de OPR) usted debe apelar la respuesta principal de esta queja dentro los 15 días calendarios.*

**Office of Professional Review**
**3026 S. California Ave**
**Building 2 / 4th floor**
**Chicago, Illinois 60608**

# INDIVIDUAL IN CUSTODY COPY

March 24th, 2023

To: Office of Professional Review

I, Jhery Jones, is writing in regards to my grievance issue 260-Misconduct (physical) by sworn staff, under control number 2023X03505. What is being done about this issue? Have you reviewed the bodycamera footage of the sergeant concerning my grievance? Did you review the hallway footage between 2A and 2B, the 2nd floor area outside the 2A and 2B vestibule by the elevator; and basement footage of me being lead by a sergeant and 2 officers to the dispensary to be seen about my cut and swollen wrist incurred by these same officers? The time frame is between 6am-7am, March 3rd, 2023, in division 9. Did you see officers carrying a plastic bag containing my legal papers as I was painfully escorted to the dispensary? The same plastic bag I was reaching for before multiple officers forced themselves on me while bending and twisting my wrist as I was handcuffed behind my back. Did you interview the officers envolved and asked excessive forced was used on someone who is handcuffed behind his back?

Did you ask officers what threat I posed to them while I was handcuffed behind my back? I was never issued a disciplinary ticket for being belligerent to any officer, and I was never issued a disciplinary ticket for violating any rule or regulation set forth by Cook County Department of corrections (CCDOC). So what gives? I have sustained phyical injuries of my wrist while handcuffed behind my back by Cook County Correctional Officers in the presents of their sergeant/supervisor who oversaw cruel and unusual punishment inflicted upon me in violation of my U.S. 8th amendment

right. I asked the sergeant multiple times to tell his subordinate officers to to stop hurting me and he failed to intervene, just as other officers failed to intervene, helping to prove my point. Did you ask the officers why I was escorted to the division 9 dispensary and what cause my injury? Did you asked the sergeant why he did not intervene in my suffering? Cook County Jail medical personel can confirm that my right hand had just healed from a fracture and had a appointment with a physical therapist to evaluate my hand, and taught me techingues to strengthen the muscles in my right hand. My appointment took place months before March 3rd, 2023, but the cruel and unusual punishment inflicted upon me agitated my fracture, sending sharp pains threwout my right hand in conjuntion with the pains of my wrist. As officers continued to apply excessive pressure on my fracteire and wrist, I screamed out loud on the body camera of the sergeant, "I just had surgery on my hand!" (non-verbatim) I was trying to explain the medical condition of my right hand but I was in shock and in too much pain to formulate my medical condition. Can you look into my jail medical records to affirm my medical declarations?

But most importantly, did you review why I was treated this way to begin with? The pain I am experiencing makes it extremely hard for me to write and go sleep. Please note that I have been diagnose with P.T.S.D. since 2017, and currently take psychiatric medication for depression; sleep deprivation; and for nightmares. Since my assult, I have experienced numerous dreams where I am being tortured by Cook County Correctional officers, and thus, waking out my sleep in the middle of the night

on numerous occasions. I am getting inadequate sleep and experiencing more depression then usual. So please understand that not only have I been mentally hurt by these officers, I was physically hurt as well. So once again, why was I punished in this manner as I was preparing myself for court? Clarence Campbell # 2022093004 2, can bear witness to this event.

On March 3rd, 2023, around 6am-6:30am, Clarence Campbell # 20220930042 and I were leaving our tier (2A) for court. The officer working our tier, cuffed me behind my back first while Mr. Campbell was finishing his breakfast. The 2A officer wanted to cuff Mr. Campbell but Mr. Campbell wanted to finish his breakfast before he was. The 2A officer then radioed that he had someone refusing to be cuffed. Seconds laters, 2 officers came from 2C and 2D. About 1 minute or 2 later, a sergeant and multiple officers arrived. The sergeant grabbed me and said come with him. Told him I was not the reason you all are up here. Next, I tried to grab my legal work for court, and thats when I was swarmed by multiple officers and assulted.

May I have the full name and badge numbers of the officers identified in the bodycamera and divison 9 hall footage? Can you interview Mr. Campbell and I, regarding my grievance issue to provide more insight? Is the Officer of Professional Review a independent agency outside of Cook County Jail as COPA is to Chicago Police Department, or do the Officer of Professional Review consist of Cook County Sheriffs, conducting these reviews? And how soon will I receive an response from you regarding my grievance? And how will these officers be reprimanded for their misconduct?

Your review will show I was physically and mentally abused by multiple officers, in front of their supervisor. For no reason at that. And if the Office of Professional Review find there was no misconduct by the officers, that mean this office failed to professionally review my grievance and turned a blind eye to the pain and suffering and emotional stress inflicted upon me by these of officers in the presents of their supervisor. There are no reports of this event taking place by none of the officers nor any from their supervisor but the hallway footage clearly showing officers roughing me up then taking me immediately to the infirmary. Bodycam footage of the sergeant is more up close and has audio. You can hear and see how much pain I was in, all for no reason. This event was not report because they're trying to cover up the fact that was unjustly punish for no reason. And for officers and/or their supervior to report this event, means they must explain their basis for applying excessive force to a pretrial detainee who is handcuffed behind his back; and who is diagnose with P.T.S.D.. Thats because their is no basis. Furthurmore, to report this event also means officers must be punished/disciplined for inflicting emotional pain and suffering plus, physical pain and suffering on a defenseless, psychicatric, pretrial detainee.

This event would have gone undocumented had I not grieved this issue and appealled it. Now consider that. Make sure you interview the nurse who treated my wounds on the morning of March 3rd, 2023, division 9; north tower 2nd floor, where my wounds was inflicted.

That been said, I ask that you interview everyone involved in in the matter, review all footage of this matter (including hallway

footage outside the dispensary where I was pressed against the wall before seeing to my wounds. Footage will show my wounds are not self-inflicted. I am asking for a swift response from this Office of Professional Review regarding my cruel and unusual punishment and the questions I asked about in this letter.

Jhery Jones
2022-0714105
P.O. Box 089002
Chicago, IL 60608

NOTARY

OFFICIAL SEAL
M GAUTHIER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 5/10/2025



**COOK COUNTY SHERIFF'S OFFICE**

*(Oficina del Alguacil del Condado de Cook)*

**INDIVIDUAL IN CUSTODY GRIEVANCE FORM**

*(Formulario de Queja del Individuo bajo Custodi)*

| CONTROL # | Individual In Custody SHORT # |
|---|---|
| | |

! THIS SECTION IS TO BE COMPLETED BY IIC SERVICES STAFF *(! Para ser llenado solo por el personal de IIC Services !)*

- ☐ Emergency Grievance
- ☐ Grievance
- ☐ Non-Compliant Grievance
- ☐ Cermak Health Services
- ☐ Superintendent: ______
- ☐ Other: ______

| PRINT - INDIVIDUAL IN CUSTODY LAST NAME *(Imprimir - Apellido del individuo)*: | PRINT - FIRST NAME *(Imprimir – Primer nombre del individuo)*: | BOOKING NUMBER *(# de identificación)* |
|---|---|---|
| Jones | Jhery | [illegible] |
| **DIVISION** *(División)*: 9 | **LIVING UNIT** *(Unidad)*: 2A | **DATE** *(Fecha)*: 3-7-23 |

## GRIEVANCE GUIDELINES AND SUMMARY OF COMPLAINT

**Your grieved issue must meet all criteria listed below in order to be assigned a control #, to be appealed and/or to exhaust remedies.**

The grieved issue is not one of the following non-grievable matters: Classification, including designation of an individual as a security risk or protective custody individual, or decisions of the disciplinary hearings officer.
The grieved issue must have occurred within the last 15 calendar days unless the allegation is of sexual assault, sexual harassment, sexual abuse or voyeurism. If the grievance includes an allegation of sexual assault, sexual harassment, sexual abuse or voyeurism no time limits exist. If you believe an exception applies please see a CRW (Correctional Rehabilitation Worker).
The grieved issue must not be a repeat submission of a grievance collected within the last 15 calendar days.
The grieved issue must not be a repeat submission of a grievance that previously received a response and was appealed.
The grieved issue must not be a repeat submission of a grievance that previously received a response and you chose not to appeal the response within 15 calendar days
The grieved issue must not contain offensive or harassing language.
The grievance form must not contain more than one issue.
The grievance issue must not pertain to non-jail related concerns such as with arresting agencies, judicial matters, or medical staff at outlying hospitals, etc.

## Directrices de quejas y resumen de quejas

**El asunto de la queja tiene que satisfacer todo el criterio listado más abajo para obtener un número de control, para ser apelado y/o agotar todos los remedios posibles.**

El asunto de la queja no puede ser ninguno de los siguientes temas, que no se consideran quejas formales: Clasificación del preso incluyendo designación del preso. Tal como riesgo de seguridad o custodia de protección para los presos, o decisiones del oficial de audiencias disciplinarias para los individuo.
El asunto de la queja debe haber ocurrido dentro de los 15 días calendarios a menos que la acusación sea de asalto sexual, acoso sexual, abuso sexual o voyerismo. Si la queja incluye acusaciones de asalto sexual, acoso sexual, abuso sexual o voyerismo no existe tiempo de límite. Si usted cree que existe una excepción, consulte con un Trabajador de Rehabilitación Correccional (TRC/CRW).
El asunto de la queja no puede ser una repetición de una queja sometida en los últimos 15 días calendarios.
El asunto de la queja no puede ser una repetición de una queja previamente recibida y la cual ya ha recibido una respuesta y fue apelada.
El asunto de la queja no puede ser una repetición de una queja previamente reciba y la cual ya ha recibo una respuesta y usted recibida no someter una apelación sobre la decisión dada en los 15 días calendarios.
El asunto de la queja no puede contener lenguaje ofensivo o amenazante
La solitud de la queja no puede contener más de un asunto.
El asunto de la queja corresponde asuntos no relacionadas con la cárcel, como las agencias de arresto, los asuntos judiciales o el personal médico en los hospitales periféricos, etc.

| REQUIRED - DATE OF INCIDENT *(Fecha del Incidente)* | REQUIRED - TIME OF INCIDENT *(Hora del incidente)* | REQUIRED - SPECIFIC LOCATION OF INCIDENT *(Lugar Específico del Incidente)* | REQUIRED - NAME and/or IDENTIFIER(S) OF ACCUSED *(Nombre y/o Identificación del Acusado)* |
|---|---|---|---|
| 3-6-23 | 2pm | Div 9 | Medical |

I put a slip to be seen about my [illegible] due to excessive [illegible]. I [illegible] and I'm in serious pain. I [illegible] to be seen ASAP

| NAME OF STAFF OR INDIVIDUAL IN CUSTODY HAVING INFORMATION REGARDING THIS COMPLAINT: *(Nombre del personal o individuo que tengan información:)* | SIGNATURE of Individual in Custody: *(Individuo bajo costodia)*: |
|---|---|
| [illegible] nurse and medical | Jhery Jones |

SUPERINTENDENT/DIRECTOR/DESIGNEE OF A DIVISION/UNIT MUST REVIEW ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE IIC GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

| CRW NAME (Print): | SIGNATURE: | DATE CRW RECIEVED: |
|---|---|---|
| V. Hills | V. Hills | 3/7/23 |
| **CRW NOTATION OF SENT EMAIL (Print):** | | **DATE EMAIL NOTIFICATION SENT:** |



**COOK COUNTY SHERIFF'S OFFICE**

*(Oficina Del Alguacil del Condado de Cook)*

**INDIVIDUAL IN CUSTODY GRIEVANCE RESPONSE/APPEAL FORM**

*(Individuo bajo custodia - formulario de respuesta/apelación de queja)*

| CONTROL NUMBER | Individual In Custody SHORT #: |
|---|---|
| 2023x03546 | 0591475 |

PRINT: CRW LAST NAME: VAN ELLIS

**INFORMATION TO BE COMPLETED BY IIC SERVICES PERSONNEL ONLY**

| Individual In Custody LAST NAME: | Individual In Custody FIRST NAME: | BOOKING ID #: |
|---|---|---|
| JONES | JHERY | 2022-0714105 |

GRIEVANCE ISSUE AS DETERMINED BY CRW: 200- MEDICAL TREATMENT

IMMEDIATE CRW RESPONSE (if applicable): 2023x03505 - ADDRESSES THE ALLEGED EXCESSIVE FORCE.

CRW/ REFERRED THIS GRIEVANCE TO (*Example:* Superintendent, Cermak Health Services): CERMAK — DATE REFERRED: 3/9/2023

**RESPONSE BY PERSONNEL HANDLING REFERRAL**

[illegible]

| PERSONNEL RESPONDING TO GRIEVANCE (! Print !): | SIGNATURE: | DIV./DEPT. | DATE: |
|---|---|---|---|
| [illegible] | [illegible] | | [illegible] |

THIS SECTION IS TO BE COMPLETED BY INDIVIDUAL IN CUSTODY ( Esta sección debe ser completada por el individuo )

| INDIVIDUAL IN CUSTODY SIGNATURE (Firma del individuo bajo custodia.: | DATE RESPONSE WAS RECEIVED: (Fecha en que la respuesta fue recibida) |
|---|---|
| Jhery Jones | 3/28/23 |

**INDIVIDUAL IN CUSTODY 'S REQUEST FOR AN APPEAL** *( Solicitud de apelación del individuo )*

TO BE COMPLETED BY INDIVIDUAL IN CUSTODY

- **To exhaust administrative remedies, a grievance appeal must be made on this form and within 15 calendar days of the date the individual received the above notated response. An appeal must be filed in ALL circumstances in order to exhaust administrative remedies, regardless if the grieved issue(s) have been referred for further review and/or investigation. Any pending O.P.R. review or investigation, is NOT part of the grievance appeal process.**
  *Para agotar los recursos administrativos, las apelaciones de quejas se deben realizar en este formulario y dentro de los 15 días calendarios a partir de la fecha en que el individuo recibió la respuesta anotada anteriormente. Se debe presentar una apelación en TODAS las circunstancias a fin de agotar los recursos administrativos, independientemente si los asuntos de la queja han sido referidos para una revisión y/o investigación. Cualquier revisión o investigación pendiente de OPR NO es parte del proceso de apelación de quejas.)*

**INDIVIDUAL IN CUSTODY BASIS FOR AN APPEAL:** *(Base de apelación del individuo.)*
**DATE OF APPEAL REQUEST:** *(Fecha de la solicitud de la apelación.)* 3/28/23

[illegible]

**DIRECTOR'S/DESIGNEE'S ACCEPTANCE OF BASIS/REQUEST OF APPEAL?** *(Aceptación del Director/Designado de la solicitud de apelación del individuo.)* Yes / **No** (circled)

**IIC SERVICES DIRECTOR/DESIGNEE'S DECISION OR RECOMMENDATION:** *(Decisión o recomendación por parte del Director de Servicios de IIC / Designado.)*

[illegible]

| IIC SERVICES DIRECTOR/DESIGNEE (Director de Servicios de IIC / Designado): | SIGNATURE (Firma): | DATE (Fecha): |
|---|---|---|
| [illegible] | [illegible] | 4/16/23 |

| ***Appeal response and/or decision returned to IIC via inter-departmental mail, U.S. Mail or CRW delivery.*** *(Su respuesta de apelación y/o decisión será entregado al IIC por Correo interno del departamento, Correo de EE. UU. o del Trabajador Social (CRW).)* | **DATE APPEAL RESPONSE/DECISION WAS FORWARDED:** *(Fecha en que se envió la respuesta/decisión de apelación.)* 4/16/23 |
|---|---|

(FCN-89)(AUG 22) **(WHITE COPY** – IIC SERVICES) **(YELLOW COPY** – CRW) **(PINK COPY** – INDIVIDUAL IN CUSTODY)

**COOK COUNTY SHERIFF'S OFFICE**

*(Oficina del Alguacil del Condado de Cook)*

**INDIVIDUAL IN CUSTODY GRIEVANCE FORM**

*(Formulario de Queja del Individuo bajo Custodi)*

| CONTROL # | Individual In Custody SHORT # |
|---|---|
| | |

! THIS SECTION IS TO BE COMPLETED BY IIC SERVICES STAFF *(! Para ser llenado solo por el personal de IIC Services !)*

- ☐ Emergency Grievance
- ☐ Grievance
- ☐ Non-Compliant Grievance
- ☐ Cermak Health Services
- ☐ Superintendent: ____________
- ☐ Other: ____________

| PRINT - INDIVIDUAL IN CUSTODY LAST NAME *(Imprimir - Apellido del individuo)*: | PRINT - FIRST NAME *(Imprimir - Primer nombre del individuo)*: | BOOKING NUMBER *(# de identificación)* |
|---|---|---|
| Jones | Shery | 20220714105 |
| **DIVISION** *(División)*: 9 | **LIVING UNIT** *(Unidad)*: 2A | **DATE** *(Fecha)*: 4-23-23 |

## GRIEVANCE GUIDELINES AND SUMMARY OF COMPLAINT

**To ensure CCDOC receipt of your grievance, please follow the submission requirement per the IIC Information Handbook or see a CRW (Correctional Rehabilitation Worker) for assistance.**

***Your grieved issue must meet all criteria listed below in order to be assigned a control #, to be appealed and/or to exhaust remedies.***

The grieved issue is not one of the following non-grievable matters: Classification, including designation of an individual as a security risk or a protective custody individual, or decisions of the disciplinary hearings officer.

The grieved issue must have occurred within the last 15 calendar days unless the allegation is of sexual assault, sexual harassment, sexual abuse or voyeurism. If the grievance includes an allegation of sexual assault, sexual harassment, sexual abuse or voyeurism no time limits exist. If you believe an exception applies please see a CRW. The grieved issue must not be a repeat submission of a grievance collected within the last 15 calendar days.

The grieved issue must not be a repeat submission of a grievance that previously received a response and was appealed.

The grieved issue must not be a repeat submission of a grievance that previously received a response and you chose not to appeal the response within 15 calendar days

The grieved issue must not contain offensive or harassing language and must not contain more than one issue.

The grievance issue must not pertain to non-jail related concerns such as with arresting agencies, judicial matters, or medical staff at outlying hospitals, etc.

## Directrices de quejas y resumen de quejas

**Para asegurarse de que CCDOC reciba su queja, siga el requisito de presentacion segun el Manual de Informacion de IIC o consulte a un CRW (trabajador de rehabilitacion correccional) para obtener ayuda.**

***El asunto de la queja tiene que satisfacer todo el criterio listado más abajo para obtener un número de control, para ser apelado y/o agotar todos los remedios posibles.***

El asunto de la queja no puede ser ninguno de los siguientes temas, que no se consideran quejas formales: Clasificación del preso incluyendo designación del preso. Tal como riesgo de seguridad o custodia de protección para los presos, o decisiones del oficial de audiencias disciplinarias para los individuo.

El asunto de la queja debe haber ocurrido dentro de los 15 días calendarios a menos que la acusación sea de asalto sexual, acoso sexual, abuso sexual o voyerismo. Si la queja incluye acusaciones de asalto sexual, acoso sexual, abuso sexual o voyerismo no existe tiempo de límite. Si usted cree que existe una excepción, consulte con un Trabajador de Rehabilitación Correccional (TRC/CRW).

El asunto de la queja no puede ser una repetición de una queja sometida en los últimos 15 días calendarios.

El asunto de la queja no puede ser una repetición de una queja previamente recibida y la cual ya ha recibido una respuesta y fue apelada.

El asunto de la queja no puede ser una repetición de una queja previamente reciba y la cual ya ha recibo una respuesta y usted recibida no someter una apelación sobre la decisión dada en los 15 días calendarios.

El tema agravado no debe contener lenguaje ofensivo o acosador y no debe contener mas de un tema.

El asunto de la queja corresponde asuntos no relacionadas con la cárcel, como las agencias de arresto, los asuntos judiciales o el personal médico en los hospitales periféricos, etc.

| REQUIRED - DATE OF INCIDENT *(Fecha del Incidente)* | REQUIRED - TIME OF INCIDENT *(Hora del incidente)* | REQUIRED - SPECIFIC LOCATION OF INCIDENT *(Lugar Especifico del Incidente)* | REQUIRED - NAME and/or IDENTIFIER(S) OF ACCUSED *(Nombre y/o Identificación del Acusado)* |
|---|---|---|---|
| 4-20-23 | 1pm | Medical | Medical Staff |

I still haven't been seen about my chronic wrist pain.

**NAME OF STAFF OR INDIVIDUAL IN CUSTODY HAVING INFORMATION REGARDING THIS COMPLAINT:** *(Nombre del personal o individuo que tengan información:)* Medical

***SIGNATURE of Individual in Custody*: (Individuo bajo costodia):** [signature]

SUPERINTENDENT/DIRECTOR/DESIGNEE OF A DIVISION/UNIT MUST REVIEW ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE IIC GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

| CRW NAME (Print): | SIGNATURE: | DATE CRW RECIEVED: |
|---|---|---|
| Vaughn | Vaughn | 4/24/23 |
| | CRW NOTATION OF SENT EMAIL (Print): | DATE EMAIL NOTIFICATION SENT: |



**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina Del Alguacil del Condado de Cook)*

**INDIVIDUAL IN CUSTODY GRIEVANCE RESPONSE/APPEAL FORM**
*(Individuo bajo custodia - formulario de respuesta/apelación de queja)*

| CONTROL NUMBER | Individual In Custody SHORT #: |
|---|---|
| 2023x04784 | 0591475 |
| PRINT: CRW LAST NAME: Vatellis | |

**INFORMATION TO BE COMPLETED BY IIC SERVICES PERSONNEL ONLY**

| Individual In Custody LAST NAME: | Individual In Custody FIRST NAME: | BOOKING ID #: |
|---|---|---|
| Jones | Sherry | 20220714105 |

**GRIEVANCE ISSUE AS DETERMINED BY CRW:** 200 - Medical Treatment

**IMMEDIATE CRW RESPONSE (If applicable):**

**CRW/ REFERRED THIS GRIEVANCE TO (*Example:* Superintendent, Cermak Health Services):** Cermak

**DATE REFERRED:** 4 / 25 / 23

**RESPONSE BY PERSONNEL HANDLING REFERRAL**

[illegible handwritten response]

| PERSONNEL RESPONDING TO GRIEVANCE (I Print !): | SIGNATURE: | DIV./DEPT. | DATE: |
|---|---|---|---|
| [illegible] | [signature] | | 5 / 12 / 23 |

THIS SECTION TO BE COMPLETED BY INDIVIDUAL IN CUSTODY (Esta sección debe ser completada por el individuo.)

| INDIVIDUAL IN CUSTODY SIGNATURE (Firma del individuo bajo custodia.: | DATE RESPONSE WAS RECEIVED: (Fecha en que la respuesta fue recibida) |
|---|---|
| [signature] | 5 / 16 / 23 |

**INDIVIDUAL IN CUSTODY'S REQUEST FOR AN APPEAL** *(Solicitud de apelación del individuo)*

TO BE COMPLETED BY INDIVIDUAL IN CUSTODY

- **To exhaust administrative remedies, a grievance appeal must be made on this form and within 15 calendar days of the date the individual received the above notated response. An appeal must be filed in ALL circumstances in order to exhaust administrative remedies, regardless if the grieved issue(s) have been referred for further review and/or investigation. Any pending O.P.R. review or investigation, is NOT part of the grievance appeal process.**
  *Para agotar los recursos administrativos, las apelaciones de quejas se deben realizar en este formulario y dentro de los 15 días calendarios a partir de la fecha en que el individuo recibió la respuesta anotada anteriormente. Se debe presentar una apelación en TODAS las circunstancias a fin de agotar los recursos administrativos, independientemente si los asuntos de la queja han sido referidos para una revisión y/o investigación. Cualquier revisión o investigación pendiente de OPR NO es parte del proceso de apelación de quejas.)*

**INDIVIDUAL IN CUSTODY BASIS FOR AN APPEAL:** *(Base de apelación del individuo.)*
**DATE OF APPEAL REQUEST:** *(Fecha de la solicitud de la apelación.)* 5 / 16 / 23

I was seen for my skin condition, not for my pain and wrist

**DIRECTOR'S/DESIGNEE'S ACCEPTANCE OF BASIS/REQUEST OF APPEAL?**
*(Aceptación del Director/Designado de la solicitud de apelación del individuo.)* Yes No

**IIC SERVICES DIRECTOR/DESIGNEE'S DECISION OR RECOMMENDATION:** *(Decisión o recomendación por parte del Director de Servicios de IIC / Designado.)*

[illegible handwritten decision]

| IIC SERVICES DIRECTOR/DESIGNEE (Director de Servicios de IIC / Designado): | SIGNATURE (Firma): | DATE (Fecha): |
|---|---|---|
| [illegible] | [signature] | [illegible] |

***Appeal response and/or decision returned to IIC via inter-departmental mail, U.S. Mail or CRW delivery.***
*(Su respuesta de apelación y/o decisión será entregado al IIC por Correo interno del departamento, Correo de EE. UU. o del Trabajador Social (CRW).)*

**DATE APPEAL RESPONSE/DECISION WAS FORWARDED:** *(Fecha en que se envió la respuesta/decisión de apelación.)* 6 / 9 / 23

(FCN-89)(AUG 22) **(WHITE COPY** – IIC SERVICES) **(YELLOW COPY** – CRW) **(PINK COPY** – INDIVIDUAL IN CUSTODY)



quadient
PRIORITY MAIL
IMI
$010.45 º
07/13/2023 ZIP 60608
043M31244814
US POSTAGE

Prisoner Correspondent
United States District Court
219 S. Dearborn Street
Chicago, IL 60604

07/18/2023-3